# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 16-284V
**Filed: May 11, 2016**

* * * * * * * * * * * * * * * *  
DEBORAH BYNUM, on behalf of her minor *  
child, C.J., *  
         *  
         *  
         Petitioner, *  
         *  
v. *  
         *  
SECRETARY OF HEALTH *  
AND HUMAN SERVICES, *  
         *  
         Respondent. *  
         *  
* * * * * * * * * * * * * * * *

UNPUBLISHED

Special Master Gowen

Attorneys' Fees and Costs.

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoeniz, AZ, for petitioner.
Camille M. Collett, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 29, 2016, Deborah Bynum ("petitioner") filed a petition on behalf of her minor child, C.J., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of receiving an influenza vaccination in March 2013, C.J. developed myasthenia gravis. On April 28, 2016, petitioner moved for a decision dismissing her petition, as she would be unable to prove her claim. A decision dismissing this case

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

was issued on April 29, 2016. <u>See</u> Decision, docket no. 9, filed Apr. 29, 2016.

On May 10, 2016, petitioner filed an unopposed application for attorneys' fees and costs. Petitioner requests an award of $4,585.79 for attorneys' fees and costs. <u>See</u> Application for Fees and Costs at ¶ 1, filed May 10, 2016. Pursuant to General Order #9, petitioner represents that she did not incur any costs in pursuit of this petition. <u>Id.</u> at ¶ 3. "Respondent has no objection" to petitioner's application for attorneys' fees and costs. <u>Id.</u> at ¶ 2.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's unopposed request, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

**(1)** **in the form of a check jointly payable to petitioner and to petitioner's attorney, Andrew D. Downing, of Van Cott & Talamante, PLLC, in the amount of $4,585.79**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>s/ Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.